# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

TONY LORENZO MCKNIGHT, )
)
    Petitioner, )
)
vs. ) Case No. CIV-13-527-HE
)
HASKILL HIGGINS, Warden, )
)
    Respondent.[1] )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636 (b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons set forth herein, it is recommended that the petition be dismissed on filing.

Although Petitioner's description of his conviction details is somewhat confusing,[2] his allegations together with the official docket in his case reveals that he was convicted of robbery with a dangerous weapon following a jury trial, for which he received a sentence of thirteen years imprisonment. Case No. CF-2007-6459, District Court of Oklahoma County (Dec. 11, 2009). Oklahoma State Courts Network,

---

[1] Petitioner also named the State of Oklahoma. However, the only proper respondent to a petition for a writ of habeas corpus is the petitioner's custodian. Rules Governing Section 2254 Cases in the United States District Court, Rule 2(a). Accordingly, the State of Oklahoma is hereby dismissed.

[2] Petitioner was apparently also a defendant in another case in which he plead nolo contendere and received a sentence that ran concurrently with the one he challenges in this action. Petition, 2.

http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=CF-2007-6459&db=Oklahoma&submitted=true (accessed July 24, 2013). On direct appeal, the Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction and sentence. Petition, 3; Case No. F-2009-1167, Oklahoma Court of Criminal Appeals (Dec. 10, 2010). Petitioner did not seek certiorari review in the United States Supreme Court. Petition, 3. On June 27, 2011, Petitioner filed an application for "suspension and modification of sentence." Petition, 4. It was denied on July 25, 2011. Petition, 5. Petitioner did not appeal from the denial. *Id.* On October 5, 2012, Petitioner filed an application for state post-conviction relief. Petition, 4. Petitioner does not list the date of filing, but only states that his application was denied on December 18, 2012. However, reference to the electronic docket on the Oklahoma State Courts Network shows the filing date as October 5, 2012.

http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=CF-2007-6459&db=Oklahoma&submitted=true (accessed July 24, 2013). Petitioner did not appeal the state district court's denial of post-conviction relief to the Oklahoma Court of Criminal Appeals. Petition, 5. He states that he did not appeal either of his post-conviction applications "because the State will not fight the State unless the Federal Courts make them, truthfully." Petition, 5.

Petitioner raises four grounds for federal habeas relief. He states that all four grounds were raised in his direct appeal. Petition, 6, 8, 9, 11. In Ground One, he contends that he was denied effective assistance of trial counsel. Petition, 6. In Ground

Two, he alleges "evidence to support that promise because of his mishandling of evidence." Petition, 7. He refers the Court to his brief on direct appeal, and from that it appears he is alleging that trial counsel mishandled evidence that resulted in its exclusion. *See* Petition, Ex. A, p. 21. In Ground Three, Petitioner alleges that the trial court erred in excluding evidence. Petition, 9. In Ground Four, he claims denial of his due process right to a fair sentencing trial. Petition, 11. Once again, Petitioner directs the Court's attention to his brief on direct appeal. It appears that he is referring to the state district court's decision to bifurcate the trial. Petition, Ex. A, p. 36.

## SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising the issue sua sponte, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by

3

dismissing the petition as time barred." *Day*, 547 U.S. at 210 (internal quotation marks omitted); *Thomas v. Ulibarri*, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007). Finally, a Court may dismiss a § 2254 habeas petition sua sponte only if the petition is clearly untimely on its face. *Kilgore v. Attorney General of Colorado*, 519 F.3d 1084, 1085 (10th Cir. 2008). The initial review of the petition shows that the petition is untimely filed, and for that reason, it is recommended that the petition be dismissed upon filing.

## AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one year limitations period for claims of a habeas petitioner in state custody. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C), or (D), the limitations period generally begins to run from the date on which the conviction becomes final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not alleged anything to suggest that subsections (B), (C), or (D) apply to the petition, so its timeliness will be evaluated from the date Petitioner's conviction became final by the expiration of time for seeking direct review. Petitioner's direct appeal was concluded on December 10, 2010, and thus his conviction became final on or about March 10, 2011, when the 90-day time period to file a petition for certiorari in the United States Supreme Court expired. Therefore, the limitation period began to run on or about March 11, 2011, and expired on March 11, 2012. *See* 28 U.S.C. § 2101; *see also* Sup. Ct. R. 13; *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001); *see Haws v. Jorgensen*, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.") (footnote omitted) (citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). The petition now before the Court was filed on May 22, 2013, well over a year after the limitations period expired. Petition, 2. Thus, absent statutory or equitable tolling, the petition is untimely.

**STATUTORY TOLLING**

The AEDPA limitations period is tolled while "a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed a motion for sentence modification pursuant to Okla. Stat. tit. 22, § 982a on June 27, 2011; it was denied on July 25, 2011. Assuming that Petitioner's motion for sentence modification is considered a motion for collateral review,[3] Petitioner's motion tolled the limitations period for twenty-eight (28) days. Thus, the one-year limitations period stopped running on June 27, 2011, with 257 days left. It began to run again upon denial of his motion for sentence modification on July 25, 2011, and expired 257 days later on April 9, 2012 (the actual expiration date was April 7, 2012, but that date fell on a Saturday). Although Petitioner filed a state application for state post-conviction relief on October 5, 2012, he is not entitled to tolling of the one-year period of limitation for motions for collateral relief filed after the AEDPA limitations period has already expired. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir.2001). Accordingly, unless equitable tolling is applicable, the instant petition was filed over one year out of time.

## EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited

---

[3] *See Bynum v. Howard*, 317 Fed. Appx. 788, 789 (10th Cir.2009) (recognizing doubt as to whether a motion for modification of a sentence under Okla. Stat. tit. 22, § 982a tolls the AEDPA limitations period); *but see Wall v. Kholi*, ___ U.S. ___, 131 S.Ct. 1278, 1284 (2011) (defining "collateral review" as "a form of review that is not part of the direct appeal process").

to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate that equitable tolling applies. *Cooper v. Bravo*, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing *Miller*, 141 F.3d at 978).

Petitioner does not allege that equitable tolling applies, but makes the following statement in answer to the form petition's question regarding timeliness: "Because I pursued the direct appeals and then I pursued the Post Conviction Procedure Act also different judicial reviews just to get a chance to speak in court, I have exhausted all my state remedies." Petition, 14. At best, this claim is "an ignorance of the law claim," in that Petitioner apparently believes that any pursuit of post-conviction or collateral relief is enough to equitably toll the AEDPA period. Of course, as explained above, statutory tolling is already allowed for these activities, and they cannot also support a claim of equitable tolling lest the AEDPA period would have no practical effect. It is well-established that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares* 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Further, even if Petitioner could show rare and extraordinary circumstances to justify equitable tolling of the limitations period, he must also demonstrate that he has diligently pursued his

federal claims. *Gibson*, 232 F.3d at 808; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). The undersigned finds this to be true in the instant action. The Petition showed that Petitioner waited well over a year after his application for sentence modification was denied to file for state-post conviction relief. Once that was denied, he waited another five months to seek relief in this Court. Therefore, he has not shown that he acted diligently in pursuing his state collateral and federal habeas claims. Accordingly, equitable tolling is not appropriate here.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition be **DISMISSED** as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **August 16, 2013** in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us.

**This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.**

**ENTERED** on July 30, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE