# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONY L. MCKNIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO.  CIV-13-0527-HE |
| | ) | |
| OKLAHOMA, STATE OF, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction.  Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Shon T. Erwin, who concluded the petition should be dismissed as untimely.  As petitioner objected to the Report and Recommendation, the court has conducted a de novo review of the magistrate judge's determination.

The magistrate judge concluded that the one-year filing deadline under AEDPA ran on March 11, 2012, but that the motion for sentence modification filed by petitioner arguably extended the deadline by 28 days — to April 9, 2012.  Petitioner does not take issue with that determination.  His May 22, 2013, filing was therefore over 13 months late.  The magistrate judge further noted that petitioner had not argued any basis for application of the doctrine of equitable tolling, but also acknowledged that petitioner would have the opportunity to present his position on the timeliness issue by means of his objection to the Report and Recommendation.

1

Petitioner's objection does set forth a basis for equitable tolling. His submissions indicate that he was severely beaten in August 2011, resulting in surgery on August 24, 2011. Petitioner indicates it took him until October or November to recover to a point where he could give proper attention to his case again. [Doc. #13, pg. 3]. Fully crediting petitioner's description of his recovery period, that means he would be entitled to tolling for a period of approximately three months, which would extend his filing deadline to approximately mid-July, 2012. However, that extension does not render the petition timely, as it was not filed until May 22, 2013, still roughly 10 months past the revised filing deadline. And, as even the "revised" deadline had run prior to petitioner's subsequent application for state post-conviction relief, that filing would not serve to effect further statutory tolling.[1] The result is that, even after giving petitioner the benefit of equitable tolling based on his injury, his filing was untimely and does not reflect the necessary diligence in pursuing his federal claims. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Accordingly, as the court concurs with the magistrate judge that the petition was not timely filed, it **ADOPTS** the Report and Recommendation [Doc. #12] and the petition for Writ of Habeas Corpus [Doc. #1] is **DISMISSED**. Petitioner's Motion for Transcripts [Doc. #14], Motion for Subpoena [Doc. #15], and Motion for Court's Mercy, Favor and Grace [Doc. #16] are **STRICKEN** as **MOOT**.

---

[1] *As the magistrate judge noted, a petitioner is not entitled to statutory tolling based on motions for collateral relief filed after the AEDPA deadline has run, citing* Fisher v. Gibson, *262 F.3d 1135, 1142-43 (10th Cir. 2001).*

**IT IS SO ORDERED.**

Dated this 21st day of October, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE